## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Angelica Cota,

doing business as

LULA BY ANGELICA COTA

                    Plaintiff

v.

Amber Hagen,

doing business as

LULAH BY AMBER HAGEN,

                    Defendant

**05 10992 JLT**

RECEIPT # _64280_
AMOUNT $ _250.00_
SUMMONS ISSUED _2_
LOCAL RULE 4.1 _—_
WAIVER FORM _—_
MCF ISSUED _—_
BY DPTY. CLK. _M P._
DATE _5/13/05_

MAGISTRATE JUDGE _MBR_

### COMPLAINT AND JURY DEMAND

Plaintiff Angelica Cota submits this Complaint and Jury Demand alleging causes of

action against Defendant Amber Hagen for trademark infringement, unfair competition, and

violation of Mass. Gen. L. ch. 93A, §§ 2 and 11.

### JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this matter pursuant

to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over related

state law claims under § 1367(a).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a)

because a substantial part of the events giving rise to the claims asserted herein occurred in this

judicial district.

## PARTIES

3.  Plaintiff Angelica Cota is an individual and resides at 419 North Larchmont Blvd. #155, Los Angeles CA 90004.

4.  Defendant Amber Hagen is an individual and resides at 32 Sea Colony Drive, Santa Monica, CA 90405.

## FACTS COMMON TO ALL COUNTS

5.  *LULA BY ANGELICA COTA*™ is the subject of a federal registration Application Serial No. 78/325450 (the "Mark"), for leather goods and clothing in International Classes 18 and 25, filed on November 10, 2003.  A true and accurate copy of the text of the initial registration application is attached hereto as Exhibit 1. ("Trademark Registration Application"). A specimen of plaintiff's label, on which her Mark is displayed, is attached to hereto as Exhibit 2.  The Mark was published in the Official Gazette on Feb 1, 2005 with a 30-day period of opposition.

6.  The Mark is used to identify *LULA BY ANGELICA COTA*™'s fashion goods, including handbags and t-shirts.

7.  Since at least spring of 2001, Angelica Cota has continuously promoted, marketed and sold thousands of units of her *LULA BY ANGELICA COTA*™ fashion goods at variety of national tradeshows, department stores and boutique shops throughout the United States, including in Massachusetts.

8.  Plaintiff Angelica Cota has used the Mark in interstate commerce since at least January 2003.

2

9. Through substantial investment in time and money, and a commitment to quality and excellence, the *LULA BY ANGELICA COTA*™ design is well known and the Mark is understood to mean the plaintiff and plaintiff's products only.

10. Angelica Cota has spent considerable time and financial resources promoting the Mark and developing goodwill therein.

11. Plaintiff's trademark is a primary means by which her fashion goods are identified as having been designed by Plaintiff.

12. Defendant Amber Hagen has filed a subsequent federal registration Application Serial No. 78/347150 in an effort to register a brand of fashion goods using the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah*. Defendant Hagen's application was filed on December 31, 2003 in International Class 25 and her description of goods included "a full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs." A true and accurate copy of the text of defendant's initial registration application is attached hereto as Exhibit 3. A copy of Defendant's label bearing the mark *Lulah by Amber Hagen* is attached to hereto as Exhibit 4.

13. In response to Defendant's application, the United State Trademark and Patent Office ("USPTO") issued an Office Action dated July 23, 2004 in which the trademark examining attorney found that Defendant Amber Hagen's use of the term *Lulah* for her fashion goods may create a likelihood of confusion with Plaintiff Angelica Cota's *LULA BY ANGELICA COTA*™ mark. The examiner found that the marks are "essentially phonetic equivalents and are thus similar sounding" and that "the goods are identical and thus, are of a type that could be

3

expected to come from the same source." A true and accurate copy of the July 23, 2004 Office

Action is attached hereto as Exhibit 5.

14. The July 23, 2004 Office Action states in part:

Applicant seeks to register the mark "LULAH." The prior pending application is
for the mark "LULA BY ANGELICA COTA" and design. The marks are very
similar in spelling, appearance and pronunciation. The primary term LULAH in
the marks are essentially phonetic equivalents and are thus similar sounding.
Similarity in sound alone may be sufficient to support a finding of likelihood of
confusion. *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964
(TTAB 1980); *Molenaar, Inc. v. Happy Toys Inc.*, 188 USPQ 469 (TTAB 1975);
*In re Cresco Mfg. Co.*, 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).
Applicant's goods are described as "a full line of clothing for babies, children,
women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats,
ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs." Application Serial
No. 78/325450 is for "clothing accessories namely, handbags, wallets and coin
purses; belts and t-shirts." These goods are identical and thus, are of a type that
could be expected to come from the same source."

Id.

15. In August 2004, defendant Amber Hagen began marketing a designer clothing line

for babies under various names including *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah*.

See copy of Defendant's press release as displayed on her website attached hereto as Exhibit 6.

16. Since August 2004, defendant Amber Hagen has advertised and marketed the sale of

the infringing fashion goods in various locations throughout the United States, including causing

the goods to be displayed and sold in Massachusetts in boutique-type shops. She has also

announced plans to sell fashion goods under the label *Lulah Cotton*.

17. In January of 2005, defendant's attorney contacted plaintiff Angelica Cota via

telephone and threatened legal action against Angelica Cota if she refused to consent to

defendant's use of the *Lulah* mark.

18. At no time has plaintiff agreed, either verbally or in writing, to permit Defendant Amber Hagen to use the *Lulah* mark.

19. On January 24, 2005, defendant Amber Hagen filed a response with the USPTO to the July 23, 2004 Office Action in which she represented that the parties had come to an agreement to "co-exist". However, no such agreement has ever been reached. A copy of the January 24 Response to Office Action is attached as Exhibit 7.

20. Also, on January 24, 2005, as part of her response to the July 23, 2004 Office Action, defendant modified her description of goods in her trademark application as filed with the USPTO, narrowing it to "baby clothing "and adding an additional class – International Class 24 for goods she describes as "baby blankets".

21. On March 2, 2005, Defendant Amber Hagen filed a First 30 Day Request for Extension of Time to Oppose Plaintiff's Registration Application before the Trademark Trial and Appeal Board ("TTAB"). As a matter of course, the TTAB grants such 30-day requests, and did so here. On March 4, Defendant Amber Hagen filed a 60 Day Request for Extension of Time to Oppose Plaintiff's Registration Application before the TTAB, which was subsequently granted . As a result, the opposition period to Angelica Cota's federal registration application has been extended an additional 90-days and the allowance of plaintiff's Mark has been delayed.

22. Defendant's fashion goods – namely designer clothing for babies - labeled *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* and her other products are substantially similar to plaintiff's *LULA BY ANGELICA COTA*™ products because both are fashion goods, i.e. designer clothing and clothing accessories.

23. The channels of trade for plaintiff and defendant's goods are identical. Both plaintiff and defendant's goods are sold in department stores and boutique shops and are marketed to similar purchasers using similar methods.

24. Defendant's unauthorized and improper use of the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* in connection with fashion goods is likely to cause confusion among consumers as to the source of the goods. Plaintiff's Mark and defendant's marks are very similar in how they are spelled, appear and are pronounced. The marks are phonetically equivalent. Further confusion is caused by defendant's use of designs and colors which are strikingly similar to Angelica Cota's mark.

25. This unauthorized and improper use allows defendant to trade on plaintiff's Mark, goodwill, and reputation, and threatens to undermine the value of the Mark to plaintiff.

26. Defendant's continued use of the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* is destroying and diluting the value of the Mark and will likely erode the ability of the Mark to distinguish plaintiff's fashion goods in the marketplace. Defendant's use of these marks is already impacting plaintiff's control over her reputation and goodwill.

27. Defendant was aware of plaintiff's mark *LULA BY ANGELICA COTA*™ and fashion goods prior to defendant's unauthorized use of the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah*.

## COUNT I
## UNFAIR COMPETITION -- TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1125(a))

28. Plaintiff specifically incorporates and realleges the allegations asserted in each of the preceding paragraphs.

6

29. Plaintiff engages in interstate activities designed to promote the products sold and the goodwill associated with her trademarks and copyrights throughout the United States.

30. The mark *LULA BY ANGELICA COTA*™ has been and continues to be, an inherently distinctive mark distinguishing plaintiff's fashion goods.

31. *LULA BY ANGELICA COTA*™ has acquired secondary meaning, and is renowned and famous in its relevant market.

32. Defendant's marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* incorporate portions of plaintiff's Mark, *LULA BY ANGELICA COTA* ™ and are likely to cause confusion or mistake on the part of customers or to deceive such customers as to the source or origin of the products and/or services provided by defendant.

33. Defendant knew, or should have known, that her adoption and use of the *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* marks would cause confusion or mistake among the public as to the source, affiliation, or origin of her goods or services.

34. Plaintiff has been and continues to be damaged by defendant's activities and conduct. Defendant has profited thereby and unless her conduct is enjoined, plaintiff's reputation and goodwill will continue to suffer irreparable injury, which cannot adequately be calculated or compensated by money damages. Accordingly, plaintiff seeks injunctive relief pursuant to 15 U.S.C. § 1116.

35. By deliberately adopting marks that incorporate plaintiff's Mark, the defendant has, upon information and belief, intentionally and knowingly used and adopted plaintiff's Mark for the purpose of trading on plaintiff's reputation and goodwill. Accordingly, plaintiff is entitled to a judgment of three times her damages and defendant's ill-gotten profits, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1125.

7

## COUNT II
## UNFAIR COMPETITION -- COMMON LAW

36. Plaintiff specifically incorporates and realleges the allegations asserted in each of the preceding paragraphs.

37. By marketing fashion goods under the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah*, defendant is falsely representing that her fashion goods are designed by plaintiff, which are not.

38. By advertising and offering fashion good under the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah*, defendant will likely create confusion in the relevant marketplace concerning the source of these fashion goods.

39. Plaintiff has been and continues to be damaged by defendant's activities and conduct. Defendant has profited thereby and, unless her conduct is enjoined, plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, plaintiff seeks injunctive relief.

## COUNT III
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## (MASS. GEN. L. CH. 93A, §§ 2 and 11)

40. Plaintiff specifically incorporates and realleges the allegations asserted in each of the preceding paragraphs.

41. Plaintiff and defendant are sole-proprietorships, and the actions complained of occurred substantially in Massachusetts.

42. By advertising and marketing and selling fashion goods under the marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah*, defendant is falsely representing that she is affiliated

8

with plaintiff and is representing that her products have a sponsorship, approval, status, affiliation, or connection that it does not in fact have.

43. In addition, defendant has demanded that Angelica Cota give up her legal right to withhold consent to defendant's request to use the Mark. Defendant has threatened that, if Angelica Cota does not consent to defendant's use of her Mark, defendant will expend resources to oppose plaintiff's Trademark Registration Application.

44. Defendant is engaging in unfair and deceptive trade practices, in violation of Mass. Gen. L. ch. 93A.

45. Plaintiff has been and continues to be damaged by defendant's activities and conduct. Defendant has profited thereby and unless her conduct is enjoined, plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, plaintiff seeks injunctive relief.

## COUNT IV
## UNFAIR COMPETITION
## TRADEMARK INFRINGEMENT -- COMMON LAW

46. Plaintiff specifically incorporates and realleges the allegations asserted in each of the preceding paragraphs.

47. The mark *LULA BY ANGELICA COTA*™ has been and continues to be, an inherently distinctive mark distinguishing plaintiff's fashion goods.

48. *LULA BY ANGELICA COTA*™ has acquired secondary meaning, and is renowned and famous in its relevant market.

49. Defendant's marks *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* incorporate portions of plaintiff's Mark, *LULA BY ANGELICA COTA*™ and are likely to cause confusion or

9

mistake on the part of customers or to deceive such customers as to the source or origin of the products and/or services provided by defendant.

50. Defendant knew that her adoption and use of the *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* marks would cause confusion or mistake among the public as to the source, affiliation, or origin of her goods or services.

51. By using *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* to identify fashion goods, defendant will diminish the ability of plaintiff's Mark to serve as a unique identifier of her fashion goods.

52. Defendant is blurring and/or tarnishing the ability of plaintiff's *LULA BY ANGELICA COTA*™ Mark to serve as an identifier of fashion goods.

53. By using the labels *Lulah by Amber Hagen, Lulah Cashmere* and *Lulah* in connection with her products and company name, defendant is, upon information and belief, willfully trading on plaintiff's reputation and/or diluting plaintiff's famous mark. Accordingly, plaintiff is entitled to recover her damages.

54. Plaintiff has been and continues to be damaged by defendant's activities and conduct. Defendant has profited thereby and unless her conduct is enjoined, plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

**WHEREFORE**, plaintiff requests that the Court:

1. Preliminarily and permanently enjoin defendant from continuing to market and advertise her fashion goods entitled *Lulah by Amber Hagen, Lulah Cashmere, Lulah Cotton* and *Lulah*;

10

2.    Preliminarily and permanently enjoin defendant from using the name *Lulah by Amber Hagen, Lulah Cashmere, Lulah Cotton* and *Lulah*, or any other name or designation which incorporates, or which is confusingly similar to or an abbreviation/nickname of, plaintiff's Mark;

3.    Preliminarily and permanently enjoin defendant from using any website entitled *lulah*, found at www.lulah.com, or any other name or designation which incorporates, or which is confusingly similar to or an abbreviation/nickname of, plaintiff's Mark, including without limitation *Lulah by Amber Hagen, Lulah Cashmere, Lulah Cotton* and *Lulah*;

4.    Order defendant to transfer the domain name "lulah.com" to the plaintiff;

5.    Order defendant to destroy any goods or material in her possession or under her control bearing the designation marks *Lulah by Amber Hagen, Lulah Cashmere, Lulah Cotton* and *Lulah*;

6.    Order defendant to file with the Court and serve upon counsel for plaintiff within 30 days after the entry of judgment a report in writing, under oath, setting forth in detail the manner and form in which defendant have complied with the requirements of the injunction and Order;

7.    Enter judgment in plaintiff's favor on each of the counts asserted herein and award plaintiff damages in an amount to be determined at trial, and trebled where appropriate;

8.    Award plaintiff the costs incurred in bringing this action, including her reasonable attorneys' fees;

11

9.    Award plaintiff exemplary and punitive damages where appropriate and

permissible; and

10.   Award plaintiff such further relief as the court deems just, proper, and equitable.


**JURY DEMAND**

Plaintiff demands a jury trial on each and every count of her complaint and each and

every defense asserted thereto.

Respectfully submitted,

ANGELICA COTA

Plaintiff

By her attorney,

Seth M. Yurdin, BBO No. 636729
THE LAW OFFICE OF SETH M. YURDIN
20 Park Plaza, Suite 1028
Boston, MA  02116
(617) 620-4044
(617) 344-5957 (facsimile)


Dated:  May 12, 2005

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78325450**
**Filing Date: 11/10/2003**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK FILE NAME | \\ticrs\EXPORT8\IMAGEOUT8 \783\254\78325450\xml1\AP P0002.JPG |
| STANDARD CHARACTERS | NO |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | LuLA by Angelica Cota |
| COLOR MARK | YES |
| COLOR(S) CLAIMED | The color(s) Magenta heart is/are claimed as a distinctive feature of the mark. |
| DESCRIPTION OF THE MARK | The mark consists of A magenta assymetrical heart whose lines cross and extend at the bottom to form an x. "LuLA" is written across the heart with the "L" on the left and the "A" on the right and a lower case "u" and uppercase L in the middle of the heart. "by Angelica Cota" is centered below the heart.. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 329 x 437 |
| **OWNER SECTION** | |
| NAME | Cota, Angelica |
| STREET | 10020 Rosewood Avenue |
| CITY | South Gate |
| STATE | CA |
| ZIP/POSTAL CODE | 90280 |
| COUNTRY | USA |
| PHONE | 310 429 2400 |
| FAX | 323 566 2338 |
| EMAIL | acota84@earthlink.net |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **LEGAL ENTITY SECTION** | |
| TYPE | SOLE PROPRIETORSHIP |

| STATE/COUNTRY UNDER WHICH ORGANIZED | California |
|---|---|
| NAME OF INDIVIDUAL & CITIZENSHIP | Angelica Cota |
| **GOODS AND/OR SERVICES SECTION** | |
| DESCRIPTION | Clothing accesories-handbags, wallets, coin purses, tshirts |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | 01/19/2000 |
| FIRST USE IN COMMERCE DATE | 06/02/2003 |
| SPECIMEN FILE NAME(S) | \\ticrs\EXPORT8\IMAGEOUT8 \783\254\78325450\xml1\AP P0003.JPG |
| | \\ticrs\EXPORT8\IMAGEOUT8 \783\254\78325450\xml1\AP P0004.JPG |
| | \\ticrs\EXPORT8\IMAGEOUT8 \783\254\78325450\xml1\AP P0005.JPG |
| SPECIMEN DESCRIPTION | A handbag with the "LuLA by Angelica Cota" label sewn inside the inner lining of the handbag. |
| **GOODS AND/OR SERVICES SECTION** | |
| DESCRIPTION | belts |
| FILING BASIS | Section 1(b) |
| **SIGNATURE SECTION** | |
| SIGNATURE | /Angelica123/ |
| SIGNATORY NAME | Angelica Cota |
| SIGNATORY DATE | 11/10/2003 |
| SIGNATORY POSITION | President |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 335 |
| TOTAL AMOUNT | 335 |
| **CORRESPONDENCE SECTION** | |
| NAME | Cota, Angelica |
| STREET | 10020 Rosewood Avenue |
| CITY | South Gate |
| STATE | CA |
| ZIP/POSTAL CODE | 90280 |
| COUNTRY | USA |
| EMAIL | acota84@earthlink.net |

| AUTHORIZED EMAIL COMMUNICATION | Yes |
|---|---|
| **FILING INFORMATION** | |
| SUBMIT DATE | Mon Nov 10 13:47:21 EST 2003 |
| TEAS STAMP | USPTO/BAS-209178140236-20<br>031110134721628191-783254<br>50-20010b21fa7dff8f659481<br>b60dbafd5222a-CC-1019-200<br>31110134012038816 |

## Trademark/Service Mark Application, Principal Register

### Serial Number: 78325450
### Filing Date: 11/10/2003

### To the Commissioner for Trademarks:

**MARK:** LuLA by Angelica Cota (stylized and/or with design, see mark)

The literal element of the mark consists of LuLA by Angelica Cota.

The color(s) Magenta heart is/are claimed as a distinctive feature of the mark.

The mark consists of A magenta assymetrical heart whose lines cross and extend at the bottom to form an x. "LuLA" is written across the heart with the "L" on the left and the "A" on the right and a lower case "u" and uppercase L in the middle of the heart. "by Angelica Cota" is centered below the heart..

The applicant, Cota, Angelica, a sole propietorship organized under the laws of California, comprising of Angelica Cota, residing at 10020 Rosewood Avenue, South Gate, CA, USA, 90280, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

The applicant, or the applicant's related company or licensee, is using the mark in commerce, and lists below the dates of use by the applicant, or the applicant's related company, licensee, or predecessor in interest, of the mark on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

International Class _____: Clothing accesories-handbags, wallets, coin purses, tshirts

In International Class _____, the mark was first used at least as early as 01/19/2000, and first used in commerce at least as early as 06/02/2003, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) A handbag with the "LuLA by Angelica Cota" label sewn inside the inner lining of the handbag..

Specimen - 1

Specimen - 2

Specimen - 3

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

International Class _____: belts

The USPTO is authorized to communicate with the applicant or its representative at the following email address: acota84@earthlink.net.

A fee payment in the amount of $335 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Angelica123/   Date: 11/10/2003

Signatory's Name: Angelica Cota

Signatory's Position: President

Mailing Address:

   Cota, Angelica

   10020 Rosewood Avenue

   South Gate, CA 90280

RAM Sale Number: 1019

RAM Accounting Date: 11/10/2003

Serial Number: 78325450

Internet Transmission Date: Mon Nov 10 13:47:21 EST 2003

TEAS Stamp: USPTO/BAS-209178140236-20031110134721628

191-78325450-20010b21fa7dff8f659481b60db

afd5222a-CC-1019-20031110134012038816







# Trademark/Service Mark Application, Principal Register

### Serial Number: 78347150
### Filing Date: 12/31/2003

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK | lulah |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | lulah |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | Hagen, Amber |
| STREET | 110 Ocean Park Blvd. #302 |
| CITY | Santa Monica |
| STATE | CA |
| ZIP/POSTAL CODE | 90405 |
| COUNTRY | USA |
| PHONE | (310) 617-0665 |
| EMAIL | amber@post.harvard.edu |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **LEGAL ENTITY SECTION** | |
| TYPE | INDIVIDUAL |
| COUNTRY OF CITIZENSHIP | USA |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | A full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs. |
| FILING BASIS | Section 1(a) |

| FIRST USE ANYWHERE DATE | 11/01/2001 |
|---|---|
| FIRST USE IN COMMERCE DATE | 01/11/2003 |
| SPECIMEN FILE NAME(S) | \\ticrs\EXPORT8\IMAGEOUT8 \783\471\78347150\xml1\AP P0003.JPG |
| SPECIMEN DESCRIPTION | photograph of "lulah" woven label in a lulah brand sweater |

## SIGNATURE SECTION

| SIGNATURE | /Amber Hagen/ |
|---|---|
| SIGNATORY NAME | Amber Hagen |
| SIGNATORY DATE | 12/31/2003 |
| SIGNATORY POSITION | Owner |

## PAYMENT SECTION

| NUMBER OF CLASSES | 1 |
|---|---|
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 335 |
| TOTAL AMOUNT | 335 |

## CORRESPONDENCE SECTION

| NAME | Hagen, Amber |
|---|---|
| STREET | 110 Ocean Park Blvd. #302 |
| CITY | Santa Monica |
| STATE | CA |
| ZIP/POSTAL CODE | 90405 |
| COUNTRY | USA |
| EMAIL | amber@post.harvard.edu |
| AUTHORIZED EMAIL COMMUNICATION | Yes |

## FILING INFORMATION

| SUBMIT DATE | Wed Dec 31 20:30:31 EST 2003 |
|---|---|
| TEAS STAMP | USPTO/BAS-462249220-20031 231203031245363-78347150- 200cff5d0571752ae3888a37b b8ad30edfb-CC-401-2003123 1202622918305 |

**Trademark/Service Mark Application, Principal Register**

**Serial Number: 78347150**
**Filing Date: 12/31/2003**

## To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)

The mark consists of standard characters, without claim to any particular font, style, size, or color.

The literal element of the mark consists of lulah.

The applicant, Amber Hagen, a citizen of USA, residing at 110 Ocean Park Blvd. #302, Santa Monica, CA, USA, 90405, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

The applicant, or the applicant's related company or licensee, is using the mark in commerce, and lists below the dates of use by the applicant, or the applicant's related company, licensee, or predecessor in interest, of the mark on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

International Class 025: A full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs.

In International Class 025, the mark was first used at least as early as 11/01/2001, and first used in commerce at least as early as 01/11/2003, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) photograph of "lulah" woven label in a lulah brand sweater.

Specimen - 1

The USPTO is authorized to communicate with the applicant or its representative at the following email address: amber@post.harvard.edu.

A fee payment in the amount of $335 will be submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Amber Hagen/   Date: 12/31/2003

Signatory's Name: Amber Hagen

Signatory's Position: Owner

Mailing Address:

Hagen, Amber

110 Ocean Park Blvd. #302

Santa Monica, CA 90405

RAM Sale Number: 401

RAM Accounting Date: 01/02/2004

Serial Number: 78347150

Internet Transmission Date: Wed Dec 31 20:30:31 EST 2003

TEAS Stamp: USPTO/BAS-462249220-20031231203031245363

-78347150-200cff5d0571752ae3888a37bb8ad3

0edfb-CC-401-20031231202622918305



| To: | Hagen, Amber (amber@post.harvard.edu) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 78347150 - LULAH - N/A |
| Sent: | 7/23/04 12:56:00 PM |
| Sent As: | ECom110 |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 78/347150

**APPLICANT**: Hagen, Amber

**CORRESPONDENT ADDRESS**:
Hagen, Amber
110 Ocean Park Blvd. #302
Santa Monica, CA 90405

**\*78347150\***

**RETURN ADDRESS**:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

**MARK**:    LULAH

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:
amber@post.harvard.edu

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number  78/347150

The assigned examining attorney has reviewed the referenced application and determined the following.

## PRIOR PENDING APPLICATION

Although the examining attorney has searched the Office records and has found no similar *registered* mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), the examining attorney encloses information regarding pending Application Serial no. 78/325450. There may be a likelihood of confusion between the applicant's mark and the mark noted above under Section 2(d) of the Act. The filing date of the referenced application precedes the applicant's filing date. If the earlier filed application matures into a registration, the examining attorney may refuse registration in this case under Section 2(d). 37 C.F.R. Section 2.83; TMEP §§1207.01 *et seq.*.

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack,* 197 USPQ 755 (TTAB 1977).

Applicant seeks to register the mark "LULAH." The prior pending application is for the mark "LULA BY ANGELICA COTA" and design. The marks are very similar in spelling, appearance and pronunciation. The primary term LULAH in the marks are essentially phonetic equivalents and are thus similar sounding. Similarity in sound alone may be sufficient to support a finding of likelihood of confusion. *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964 (TTAB 1980); *Molenaar, Inc. v. Happy Toys Inc.,* 188 USPQ 469 (TTAB 1975); *In re Cresco Mfg. Co.,* 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).

Applicant's goods are described as "a full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs." Application Serial No. 78/325450 is for "clothing accessories namely, handbags, wallets and coin purses; belts and t-shirts." These goods are identical and thus, are of a type that could be expected to come from the same source.

If the applicant believes that there is no potential conflict between this application and the earlier-filed application, the applicant may present arguments relevant to the issue. The election to file or not to file a response to this issue at this time in no way limits the applicant's right to address this issue at a later point. However, the applicant must respond to the following informalities in a timely manner.

## CURRENT IDENTIFICATION OF GOODS INDEFINITE

The current identification of goods is unacceptable because the term "baby bibs" is indefinite. The applicant must indicate the specific nature of the goods. Paper baby bibs are classified in Class 16, while baby bibs not of paper are classified in Class 25. The applicant may amend the identification, if accurate, to:

1. Baby blankets. (Class 24)

2. A full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby bibs not of

paper.  (Class 25)

TMEP §1402.01.

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted.  37 C.F.R. §2.71(a); TMEP §1402.06.  Therefore, the applicant may not amend to include any goods that are not within the scope of goods set forth in the present identification.

For your assistance and convenience, the "Acceptable Identifications of Goods and Services Manual" may be searched at the Office's global network computer website address of  http://www.uspto.gov/web/menu/tm.html.
ADDITION OF CLASSES TO THE APPLICATION

If the applicant prosecutes this application as a combined, or multiple#class, application based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), the applicant must comply with each of the following:

(1)  The applicant must specifically identify the goods in each class and list the goods by international class with the classes listed in ascending numerical order.  TMEP §1403.01.

(2)  The applicant must submit a filing fee for each international class of goods/services not covered by the fee already paid.  37 C.F.R. §§2.6(a)(1) and 2.86(b); TMEP §§810.01 and 1403.01.  Effective January 1, 2003, the fee for filing a trademark application is $335 for each class.  This applies to classes added to pending applications as well as to new applications filed on or after that date.

(3)  The applicant must submit:

(a) dates of first use and first use in commerce and one specimen for each class that includes goods or services based on use in commerce under Trademark Act Section 1(a).  The dates of use must be at least as early as the filing date of this application, 37 C.F.R. §§2.34(a)(1) and 2.86(a), and the specimen(s) must have been in use in commerce at least as early as the filing date of the application, and/or

(b) a statement of a bona fide intention to use the mark in commerce on or in connection with all the goods or services specified in each class that includes goods or services based on a bona fide intention to use the mark in commerce under Trademark Act Section 1(b), where such statement was not included for the goods or services in the original application.

(4)  The applicant must submit an affidavit or a declaration under 37 C.F.R. §2.20 signed by the applicant to verify (3) above.  37 C.F.R. §§2.59(a) and 2.71(c).

## NOTICE: TRADEMARK OPERATION RELOCATING OCTOBER AND NOVEMBER 2004

The Trademark Operation is relocating to Alexandria, Virginia, in October and November 2004.  Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451

Applicants, registration owners, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at www.uspto.gov.
My Law Office will move in October, 2004.  To reach me by phone after that date call (571) 272-9243.

> /Caroline E. Wood/
>
> Trademark Examining Attorney
>
> Law Office 110
>
> (703) 308-9110 ext. 197

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**



tradeshows

press and events

SANTA MONICA – August 1, 2004 – There's no doubt this is the year of the baby – Gwyneth, Courtney, Debra and Julia (twins!). Perfectly timed then is Santa Monica based designer Amber Hagen's launch of Lulah Cashmere, an uber-hip, ultra-luxe line of cashmere baby sweaters and blankets aimed at stylish moms longing for babywear chic enough to stop stroller traffic at those extra special sandbox socials.

The Lulah Cashmere line will debut nationwide at Nordstrom, upscale boutiques and online at lulah.com and tobishop.com In late summer 2004. With a fresh take on what it means to dress baby, pieces include a pink cashmere heart tattoo baby hoodies (pink has "daddy" heart tattoo on sleeve, blue has sell-out cashmere heart tattoo baby blanket with Japanese "love" symbol knit in red velvet chenille and the "mommy" heart tattoo). All pieces are knit in two-ply premium cashmere usually reserved for adult sweaters, with designs and borders knit in lush velvety chenille.

"Mostly, we wanted to have fun with line – we're excited to fill a void in the marketplace by offering a baby line that is as hip and fresh as it is luxurious, and the response has been incredible" says Lulah founder and designer, Amber Hagen. "Celeb moms and career girls alike all want something unique for their babies and we're definitely answering that call."

L.A. is familiar with Amber Hagen's designs from her popular handknit line launched last year at L.A's celebrity-studded Hotel Bel-Air (Oprah's favorite). The fall 2004 Lulah Cashmere line will be the first line from Amber Hagen available nationwide and has been generating buzz and pre-orders on both coasts even before its official launch this fall.

For additional information, visit lulah.com or call 310.617.0685.

ABOUT LULAH
Lulah, founded by Harvard Law grad lawyer-turned-designer Amber Hagen after five grueling years as a corporate lawyer, debuted a limited edition of handmade babywear at L.A.'s celebrity studded Hotel Bel-Air in spring of 2003. The Lulah Cashmere line will be Amber's first line available nationwide and plans are in motion for a follow-up line "Lulah Cotton" set to debut in Spring 2005.



# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78347150 |

**MARK SECTION (no change)**

**ARGUMENT(S)**

### THE PRIOR PENDING APPLICATION FOR "LULA BY ANGELICA COTA (STYLIZED)" SHOULD NOT BAR REGISTRATION OF THE INSTANT APPLICATION FOR "LULAH."

In the first Office Action in the instant application, the Examining Attorney concluded that there was no similar registered mark that would bar registration of LULAH under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). But the examining attorney identified prior pending Application Serial No. 78/325450 (LULA BY ANGELICA COTA) as having a potential likelihood of confusion with Applicant's mark under Section 2(d) of the Act.

While the LULAH mark was used in commerce almost six months prior to the commercial use of LULA BY ANGELICA COTA, the application for LULA BY ANGELICA COTA was filed prior to the instant application, by less than two months. The application for LULA BY ANGELICA COTA did not initially identify Class 25 (clothing) as a class of goods -- it only listed Class 18 (leather goods). After the instant application for LULAH was filed, the application for LULA BY ANGELICA COTA was amended to include Class 25, which was allowed because the initial application disclosed "belts and t-shirts." The current status for the LULA BY ANGELICA COTA mark is that it will be published for opposition on February 1, 2005.

Applicant respectfully contends that LULAH and LULA BY ANGELICA COTA, when viewed in their entirety, are distinguishable and do not cause a likelihood of confusion. Notably, LULA BY ANGELICA COTA is a stylized mark with specific color, font, and logo elements that are not used in the instant Applicant's mark. The additional phrase "BY ANGELICA COTA" further serves to specifically identify the designer, i.e., the source, of the goods and should therefore be accorded sufficient weight as a distinguishing element. *See In re Hearst*, 25 U.S.P.Q.2d 1238, 1239 (Fed. Cir. 1992) (no confusion between VARGA GIRL for drawings on calendars, playing cards, greeting cards, and date books and VARGAS for posters, calendars, greeting cards, art prints, and paintings, when marks are viewed in their entireties and all components thereof are given appropriate weight); *see also Conde Nast Publications, Inc. v. Miss Quality, Inc.*, 504 F.2d 1404, 1407 (COUNTRY VOGUES for women's apparel not confusingly similar to VOGUE for women's fashion magazine). As a whole, LULA BY ANGELICA COTA (stylized) is different from LULAH.

Additionally, in this Response to Office Action, Applicant has narrowed her Class 25 description of goods from a "full line of clothing for babies, children, women, and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs" to, simply, a "full line of baby clothing, namely, sweaters, beanies, and layettes."* By comparison, the Class 25 description for LULA BY ANGELICA COTA is "belts and t-shirts." And the Class 18 description for LULA BY ANGELICA COTA is "clothing accessories namely, handbags, wallets and coin purses." Thus, the respective applicants' goods are different, and they are marketed for different end users: LULAH for babies, LULA BY ANGELICA COTA for adults.

Finally, Angelica Cota, the applicant for Serial No. 78/325450, and Amber Hagen, the instant Applicant, have reached an oral agreement that is in the process of becoming a formal written agreement, which provides that their respective trademarks may co-exist. Pursuant to this agreement, Cota agrees to not oppose registration of LULAH and to not use the LULA BY ANGELICA COTA mark in connection with any promotion, marketing, and/or sale of baby clothing, and Hagen agrees not to oppose registration of Serial No. 78/325450 and to not use LULAH for belts or t-shirts.

In view of the foregoing remarks, the aforementioned Class 25 narrowing amendment, and Angelica Cota's agreement to not use her mark for baby clothing, Applicant respectfully submits that this application is now in condition for allowance and requests that the mark be passed to publication.

\*A layette is a complete outfit of clothing for a newborn infant and is within the scope of the goods described in the initial application for a "full line of clothing for babies." Also, beanies are a subset of hats, which were disclosed in the original goods description.

## GOODS AND/OR SERVICES SECTION (1st class)(current)

| INTERNATIONAL CLASS | 025 |
|---|---|

DESCRIPTION

A full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | 11/01/2001 |
| FIRST USE IN COMMERCE DATE | 01/11/2003 |

## GOODS AND/OR SERVICES SECTION (1st class)(proposed)

| INTERNATIONAL CLASS | 025 |
|---|---|

DESCRIPTION

A full line of baby clothing, namely, sweaters, beanies, and layettes.

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | 11/01/2001 |
| FIRST USE IN COMMERCE DATE | 01/11/2003 |
| STATEMENT TYPE | The substitute specimen(s) was in use in commerce as of the filing date of the application. |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT11\IMAGEOUT 11\783\471\78347150\xml3\ ROA0002.JPG |
| SPECIMEN DESCRIPTION | Scanned images of (clockwise from top left) hang tag (front), hang tag (back), sewn-in label, packaging sticker |

## GOODS AND/OR SERVICES SECTION (2nd class)(class added)

| INTERNATIONAL CLASS | 024 |
|---|---|
| DESCRIPTION | Baby blankets |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | 11/01/2001 |
| FIRST USE IN COMMERCE DATE | 01/11/2003 |
| STATEMENT TYPE | The substitute specimen(s) was in use in commerce as of the filing date of |

| | |
|---|---|
| | the application. |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT11\IMAGEOUT 11\783\471\78347150\xml3\ ROA0003.JPG |
| SPECIMEN DESCRIPTION | Scanned images of (clockwise from top left) hang tag (front), hang tag (back), sewn-in label, packaging sticker |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| SUBTOTAL AMOUNT | 335 |
| TOTAL AMOUNT | 335 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /Amber hagen/ |
| SIGNATORY NAME | Amber Hagen |
| SIGNATORY POSITION | Owner |
| SIGNATORY DATE | 01/24/2005 |
| SIGNATURE | /Amber Hagen/ |
| SIGNATORY NAME | Amber Hagen |
| SIGNATORY POSITION | Owner |
| SIGNATORY DATE | 01/24/2005 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Mon Jan 24 23:43:05 EST 2005 |
| TEAS STAMP | USPTO/OA-381121790-200501 24234305144343-78347150-2 006d55983241a8b86f8fe7c39 977a6fcfdCC707-2005012423 3840909758 |

## Response to Office Action

### To the Commissioner for Trademarks:

Application serial no. **78347150** is amended as follows:

**Argument(s)**

In response to the substantive refusal(s), please note the following:

**THE PRIOR PENDING APPLICATION FOR "LULA BY ANGELICA COTA (STYLIZED)" SHOULD NOT BAR REGISTRATION OF THE INSTANT APPLICATION FOR "LULAH."**

In the first Office Action in the instant application, the Examining Attorney concluded that there was no similar registered mark that would bar registration of LULAH under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). But the examining attorney identified prior pending Application Serial No. 78/325450 (LULA BY ANGELICA COTA) as having a potential likelihood of confusion with Applicant's mark under Section 2(d) of the Act.

While the LULAH mark was used in commerce almost six months prior to the commercial use of LULA BY ANGELICA COTA, the application for LULA BY ANGELICA COTA was filed prior to the instant application, by less than two months. The application for LULA BY ANGELICA COTA did not initially identify Class 25 (clothing) as a class of goods -- it only listed Class 18 (leather goods). After the instant application for LULAH was filed, the application for LULA BY ANGELICA COTA was amended to include Class 25, which was allowed because the initial application disclosed "belts and t-shirts." The current status for the LULA BY ANGELICA COTA mark is that it will be published for opposition on February 1, 2005.

Applicant respectfully contends that LULAH and LULA BY ANGELICA COTA, when viewed in their entirety, are distinguishable and do not cause a likelihood of confusion. Notably, LULA BY ANGELICA COTA is a stylized mark with specific color, font, and logo elements that are not used in the instant Applicant's mark. The additional phrase "BY ANGELICA COTA" further serves to specifically identify the designer, i.e., the source, of the goods and should therefore be accorded sufficient weight as a distinguishing element. *See In re Hearst*, 25 U.S.P.Q.2d 1238, 1239 (Fed. Cir. 1992) (no confusion between VARGA GIRL for drawings on calendars, playing cards, greeting cards, and date books and VARGAS for posters, calendars, greeting cards, art prints, and paintings, when marks are viewed in their entireties and all components thereof are given appropriate weight); *see also Conde Nast Publications, Inc. v. Miss Quality, Inc.*, 504 F.2d 1404, 1407 (COUNTRY VOGUES for women's apparel not confusingly similar to VOGUE for women's fashion magazine). As a whole, LULA BY ANGELICA COTA (stylized) is different from LULAH.

Additionally, in this Response to Office Action, Applicant has narrowed her Class 25 description of goods from a "full line of clothing for babies, children, women, and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs" to, simply, a "full line of baby clothing, namely, sweaters, beanies, and layettes."* By comparison, the Class 25 description for LULA BY ANGELICA COTA is "belts and t-shirts." And the Class 18 description for LULA BY ANGELICA COTA is "clothing accessories namely, handbags, wallets and coin purses." Thus, the respective applicants' goods are different, and they are marketed for different end users: LULAH for babies, LULA BY ANGELICA COTA for adults.

Finally, Angelica Cota, the applicant for Serial No. 78/325450, and Amber Hagen, the instant Applicant, have reached an oral agreement that is in the process of becoming a formal written agreement, which provides that their respective trademarks may co-exist. Pursuant to this agreement, Cota agrees to not oppose registration of LULAH and to not use the LULA BY ANGELICA COTA mark in connection with any promotion, marketing, and/or sale of baby clothing, and Hagen agrees not to oppose registration of Serial No. 78/325450 and to not use LULAH for belts or t-shirts.

In view of the foregoing remarks, the aforementioned Class 25 narrowing amendment, and Angelica Cota's agreement to not use her mark for baby clothing, Applicant respectfully submits that this application is now in condition for allowance and requests that the mark be passed to publication.

*A layette is a complete outfit of clothing for a newborn infant and is within the scope of the goods described in the initial application for a "full line of clothing for babies." Also, beanies are a subset of hats, which were disclosed in the original goods description.

**Classification and Listing of Goods/Services**

**Applicant hereby amends the following class of goods/services in the application as follows:**

Current: Class 025 for A full line of clothing for babies, children, women and men, namely, sweaters, shirts, t-shirts, pants, skirts, dresses, coats, ponchos, hats, socks, shoes, scarves, baby blankets, baby bibs

Original Filing Basis: 1(a).

Proposed: Class 025 for A full line of baby clothing, namely, sweaters, beanies, and layettes.

**Section 1(a),** Use in Commerce: Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 11/01/2001 and first used in commerce at least as early as 01/11/2003, and is now in use in such commerce.

Applicant hereby submits a specimen for Class 025.

The specimen(s) submitted consists of Scanned images of (clockwise from top left) hang tag (front), hang tag (back), sewn-in label, packaging

sticker.
For an application based on 1(a), Use in Commerce, "The substitute specimen(s) was in use in commerce as of the filing date of the application."
Specimen-1

**Applicant hereby adds the following class of goods/services to the application:**
New:
Class 024 for Baby blankets

**Section 1(a),** Use in Commerce: Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used on 11/01/2001 and first used in commerce on 01/11/2003, and is now in use in such commerce.
Applicant hereby submits a specimen for Class 024.
The specimen(s) submitted consists of Scanned images of (clockwise from top left) hang tag (front), hang tag (back), sewn-in label, packaging sticker.
For an application based on 1(a), Use in Commerce, "The substitute specimen(s) was in use in commerce as of the filing date of the application."
Specimen-1

**Fees**
Additional fee(s) in the amount of $335 is being submitted.

**Declaration Signature**
The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

Signature: /Amber hagen/    Date: 01/24/2005
Signatory's Name: Amber Hagen
Signatory's Position: Owner

**Response Signature**

Signature: /Amber Hagen/    Date: 01/24/2005
Signatory's Name: Amber Hagen
Signatory's Position: Owner

RAM Sale Number: 707
RAM Accounting Date: 01/25/2005

Serial Number: 78347150
Internet Transmission Date: Mon Jan 24 23:43:05 EST 2005
TEAS Stamp: USPTO/OA-381121790-20050124234305144343-
78347150-2006d55983241a8b86f8fe7c39977a6
fcfdCC707-20050124233840909758

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Angelica Cota d/b/a LULA BY ANGELICA COTA(TM)

**DEFENDANTS**

Amber Hagen d/b/a LULAH BY AMBER HAGEN

**(b)** County of Residence of First Listed Plaintiff  Los Angeles, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Los Angeles, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Seth M. Yurdin, Law Office of Seth M. Yurdin, 20 Park Plaza, Suite 1028, Boston MA 02116, 617-620-4044

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

05 10992 JLT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C.§ 1125

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE 5/11/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) _Angelica Cota d/b/a LULA BY_
_ANGELICA COTA™ vs. Amber Hagen d/b/a LULAH BY AMBER HAGEN_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

**05-10992 JLT**

    IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                      YES  [ ]     NO  [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                        YES  [ ]     NO  [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                        YES  [ ]     NO  [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                        YES  [ ]     NO  [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                        YES  [ ]     NO  [ ]   N/A

      A.     If yes, in which division do all of the non-governmental parties reside?

           Eastern Division  [ ]        Central Division  [ ]        Western Division  [ ]

      B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

           Eastern Division  [ ]        Central Division  [ ]        Western Division  [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                        YES  [ ]     NO  [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    _Seth M. Yurdin, Law Office of Seth M. Yurdin_
ADDRESS    _20 Park Plaza, Suite 1028, Boston MA 02116_
TELEPHONE NO.    _617 - 620 - 4044_

(CategoryForm.wpd - 5/2/05)